## KYLE v. ROBERT & ST. JOHN MOTOR CO. (No. 637.)

Court of Civil Appeals of Texas. Eastland.
Dec. 13, 1929.

Rehearing Denied Jan. 10, 1930.

Smith & Smith, of Anson, for appellant.

Kirby, King & Overshiner, of Abilene, for appellee.

FUNDERBURK, J. This is a suit upon a promissory note given by L. B. Kyle to Robert & St. John Motor Company for the principal sum of $560, payable in two installments, one of $100, and the other of $460. The note recited a chattel mortgage upon a Chrysler Roadster Automobile, on which a foreclosure was also sought. The defendant, in addition to a general demurrer and general denial, pleaded non est factum, and fur-

ther pleaded a sales contract involving a note different in terms from the note sued on, and as an alternative plea alleged that, if defendant did sign the note sued on, it was not in accordance with the terms of the contract agreed to, and asserted fraud in the preparation of the note. In reply to the defendant's allegations setting up the terms of the contract of sale of the automobile, the plaintiff, by supplemental petition asserted that the contract of sale was in writing, alleging its terms and provisions. No plea of non est factum was made, or of fraud in its procurement as against the written contract alleged by the plaintiff. Upon the trial the court peremptorily instructed the jury to return a verdict for the plaintiff for the amount sued for, less $35, which the plaintiff acknowledged should be credited on the total amount claimed. From the judgment for the plaintiff, based upon the instructed verdict, the defendant has appealed.

As grounds for a reversal of the judgment appellant urges but a single proposition, which is to the effect that it was error for the trial court to peremptorily charge the jury to return a verdict in a case where there is conflicting testimony.

Objection is made to the consideration of appellant's brief, one of the objections being that the proposition is not followed by a statement from the record as required by the rules of briefing. Rule 31, 230 S. W. vii. The brief is subject to the objection made, and it is not entitled to be considered for that reason. However, the rules are made primarily to conserve the time of the court, and as the record is very short, and in this particular case requires, perhaps, no more time by reason of the violation of the rule, we have concluded to consider the case on its merits.

The defendant's plea of non est factum was not supported by the evidence. There was, as contended by appellant, a conflict in the testimony as developed upon the trial concerning the provisions of the contract of sale as agreed upon in the negotiations for the purchase of the automobile. It is because of this conflict that the appellant insists that the case should have been submitted to the jury, and the peremptory instructions should not have been given. But we cannot regard the evidence as disputed that the written contract alleged by the plaintiff in the supplemental petition was the contract entered into. Plaintiff himself as a witness supports that view. The principle, therefore, comes into operation that all prior oral agreements and negotiations become merged in the written agreement. The defendant filed no pleading sufficient to raise an issue of fraud on the part of plaintiff in reducing the contract to writing. The contract, therefore, became of controlling effect as against the oral testimony of the defendant, and the court did not err in ignoring such testimony of the defendant, which, upon objection, should have been ruled out. The giving of the peremptory instruction was, in our opinion, correct.

The judgment of the trial court will therefore be affirmed.

HICKMAN, C. J., not sitting.